UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER FORSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-1283 |
| | ) | |
| PROFESSIONAL DEBT MEDIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, JENNIFER FORSTER, by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, PROFESSIONAL DEBT MEDIATION, INC.:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Shelton, Fairfield County, State of Connecticut.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Florida business corporation and collection agency based in the City of Jacksonville, Duval County, State of Florida.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by

Plaintiff for unpaid rent to Ansonia Acquisitions I, LLC, *doing business as*, Parkview Apartments ("Park View") (account no. 02169-00187-2).

18. The alleged debt owed arises from transactions for personal, family, or household purposes.

19. On or about August 28, 2019, Park View filed suit against Plaintiff in connection with the alleged unpaid rent. *Ansonia Acquisitions I, LLC v. Forster Jennifer, et al.,* Connecticut Superior Court, judicial district of Waterbury, Docket No. WTH-CV-19-6006991-S.

20. On or about September 25, 2019, the court in *Ansonia Acquisitions I, LLC* granted the parties' Motion for Judgment by Stipulation in the amount of $3,579.00.

21. In October 2019, Plaintiff vacated the premises that was the subject of *Ansonia Acquisitions I, LLC*.

22. In or around November 2019, Defendant began placing collection calls to Plaintiff in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff on her cellular telephone at 203-893-6004 in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff from, at least, 904-398-0080, which is one of Defendant's telephone numbers.

25. In November 2019, Plaintiff answered at least one of Defendant's collection calls.

26. During the above-referenced collection calls:

    a. Defendant's collector demanded payment of $15,273.12 from Plaintiff;

    b. Plaintiff disputed owing the amount of the alleged debt; and

    c. Defendant's collector threatened that Defendant would ruin Plaintiff's credit if Plaintiff did not set up a payment plan immediately and provide Defendant with

      Plaintiff's banking information.

27. Despite Plaintiff's dispute of the alleged debt, Defendant continued to place harassing calls to Plaintiff.

28. Defendant also leaves voicemail messages for Plaintiff.

29. With regard to the above-referenced voicemail messages:

    a. Defendant failed to disclose that the calls were coming from Professional Debt Mediation, Inc.;

    b. Defendant failed to disclose that the communication was made in an attempt to collect a debt;

    c. Defendant gave 888-676-9872 as its callback number—which is one of Defendant's telephone numbers; and

    d. Contained overt and veiled threats of legal action.

30. Since Park View has a judgment against Plaintiff, there is no need for Defendant to make threats of legal action against Plaintiff.

31. By virtue of its judgment against Plaintiff, Park View, and Defendant on Park View's behalf, would have the right to invoke post-judgment remedies against Plaintiff to collect on the judgment.

32. To date, Defendant has not sought any order to invoke post-judgment remedies against Plaintiff to collect on the alleged debt.

33. Defendant has never intended to seek any order to invoke post-judgment remedies against Plaintiff to collect on the alleged debt.

34. Instead, Defendant impermissibly chose to hold empty and/or unlawful threats of legal action over Plaintiff's head to coerce Plaintiff into payment of the alleged debt.

35. Despite Defendant having already located Plaintiff, Defendant placed collection calls to Plaintiff's family members in an attempt to collect the alleged debt.

36. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

37. Defendant's above-referenced actions with regard to calling Plaintiff's family were an attempt to embarrass and coerce Plaintiff into payment of the alleged debt.

38. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

39. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

41. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692b by abusing the purpose and scope of § 1692b to engage in impermissible debt collection tactics by calling Plaintiff's family as described above;

   b. Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff's family members in connection with its attempt to collect the alleged debt—clearly an attempt to embarrass and coerce Plaintiff into payment of the alleged debt;

   c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant employed illegal debt collection

      tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

d. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls and recording voicemail messages without meaningful disclosure of the caller's identity when Defendant called Plaintiff and left voicemail messages that failed to disclose that the calls were coming from Professional Debt Mediation, Inc.;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character and legal status of any debt when Defendant misrepresented the amount of the alleged debt;

g. Defendant further violated § 1692e(2)(A) of the FDCPA when Defendant made empty and/or unlawful threats of legal action against Plaintiff;

h. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant made empty and/or unlawful threats of legal action against Plaintiff;

i. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made empty and/or unlawful threats of legal action against Plaintiff;

j. Defendant violated § 1692e(7) of the FDCPA by its false representation or

    implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant made empty and/or unlawful threats of legal action against Plaintiff;

k. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

l. Defendant violated § 1692e(11) of the FDCPA when Defendant left Plaintiff voicemail messages that did not state that the communications were made in an attempt to collect a debt;

m. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein;

n. Defendant violated § 1692f(1) of the FDCPA by its attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when Defendant attempted to collect $15,273.12 from Plaintiff when the judgment was entered in the amount of $3,579.00;

o. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt; and

p. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities

and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant ignored Plaintiff's oral dispute of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the alleged debt.

WHEREFORE, Plaintiff JENNIFER FORSTER, respectfully requests judgment be entered against PROFESSIONAL DEBT MEDIATION, INC., for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: November 13, 2020         By:  /s/ Shireen Hormozdi
                                 Shireen Hormozdi
                                 Florida Bar No. 0882461
                                 Hormozdi Law Firm, LLC
                                 1770 Indian Trail Lilburn Road, Suite 175
                                 Norcross, GA 30093
                                 Tel: 678-395-7795
                                 Fax: 866-929-2434
                                 shireen@agrusslawfirm.com
                                 shireen@norcrosslawfirm.com
                                 Attorney for Plaintiff